Anthony EVANS, Appellant,

v.

The STATE of Texas, State.

No. 2–00–522–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 8, 2001.

Jason Jacoby, Flower Mound, for Appellant.

Bruce Isaacks, Criminal District Attorney, Catherine Luft and Tony Paul, Assistant Criminal District Attorneys, Denton, and Matthew Paul, State Prosecuting Attorney, Austin, for State.

Panel F: LIVINGSTON, GARDNER, and WALKER, JJ.

## OPINION

LIVINGSTON, Justice.

Appellant Anthony Evans appeals from the trial court's order revoking his community supervision. We dismiss the appeal for want of jurisdiction.

### BACKGROUND

On August 15, 1996, purportedly pursuant to a plea bargain agreement, appellant pleaded guilty in the 367th Judicial District Court in Denton County to the offense of possession of a controlled substance with intent to deliver. The trial court placed him on eight years' community supervision and ordered him to pay a $1,000 fine. On August 10, 2000, the State moved to revoke appellant's community supervision, alleging certain violations of his conditions of community supervision. Appellant pleaded true to the allegations in the motion, and, after a hearing, the trial court revoked his community supervision and assessed punishment at seven years' imprisonment. Following the revocation proceeding, appellant filed a general notice of appeal.[1]

In one issue, appellant contends that the 367th Judicial District Court lacked jurisdiction to hear his case and render a valid judgment in 1996 because, absent a written transfer order and order accepting transfer, the case was not properly transferred to its docket. *See, e.g., Norton v. State,* 918 S.W.2d 25, 27 (Tex.App.—Houston [14th Dist.] 1996), *pet. dism'd, improvidently granted,* 969 S.W.2d 3 (1998) (stating that a formal order is needed to effect a transfer of cases).

### DISCUSSION

The indictment in this case was returned by a grand jury empaneled by the 362nd

---

1. Because appellant raises an issue related to the propriety of his conviction, and not an issue related to the propriety of the order revoking his probation, if he entered his original plea of guilty pursuant to a plea bargain agreement, it was necessary for him to comply with the notice requirements of rule 25.2(b)(3) of the rules of appellate procedure to invoke this court's appellate jurisdiction. *See* Tex.R.App. P. 25.2(b)(3); *Feagin v. State,* 967 S.W.2d 417, 419 (Tex.Crim.App.1998). We are not, however, able to ascertain from the record whether the parties, in fact, agreed on appellant's plea and punishment at the original plea proceeding. The copy of the plea bargain agreement in the clerk's record does not reflect that appellant agreed to plead guilty or that the parties agreed on the term of years of confinement or community supervision, and there is no reporter's record of the original plea proceeding. Thus, we do not address the applicability of rule 25.2(b)(3) in this opinion and dismiss the appeal for want of jurisdiction on other grounds.

Judicial District Court. Appellant argues that the 362nd Court possessed subject matter jurisdiction over his case and acquired personal jurisdiction over him with the return of the indictment and a written transfer order and order accepting transfer were necessary to transfer the case to the 367th Court. Both parties agree no written transfer order appears in the trial court file. Further, there is nothing in the appellate record to reflect that appellant objected to proceeding in the 367th Court.

■ Generally, a defendant placed on "regular" community supervision may raise issues relating to his conviction only in appeals taken when community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661 (Tex.Crim.App.1999); *Whetstone v. State*, 786 S.W.2d 361, 363 (Tex.Crim.App.1990), *overruled on other grounds by Gollihar v. State*, 46 S.W.3d 243 (Tex.Crim.App.2001); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex.Crim.App. [Panel Op.] 1978). Consequently, issues related to the conviction may not be raised in appeals taken after community supervision is revoked. *Manuel*, 994 S.W.2d at 661.

■ An exception to this rule is recognized, however, when a defendant raises an error in the original plea hearing that renders the original judgment void. *Nix v. State*, No. 793–00, slip op at 4, 2001 WL 717453, at *2 (Tex.Crim.App. June 27, 2001). A judgment is void if the trial court lacked jurisdiction over the defendant or the offense charged. *Id.* slip op. at 4–5, 2001 WL 717453, at *2. An error or irregularity involving statutory procedure generally renders a judgment merely voidable, not void. *Davis v. State*, 956 S.W.2d 555, 559 (Tex.Crim.App.1997).

■ Article 4.05 of the code of criminal procedure vests district courts with original jurisdiction in felony, criminal cases.

Tex.Code Crim. Proc. Ann. art. 4.05 (Vernon Supp.2001). Judges of those courts may on their own motion transfer a criminal case on their dockets to the docket of another district court in the county. Tex. Govt.Code Ann. § 24.303 (Vernon 1988). Thus, both district courts had jurisdiction over appellant and the offense charged, and transfer of the case was permissible. *See Garcia v. State*, 901 S.W.2d 731, 732 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd).

Appellant relies on article 4.16 of the code of criminal procedure to support his claim that the 367th Court lacked jurisdiction to hear and render judgment in his case. That provision states: "When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction...." Tex.Code Crim. Proc. Ann. art. 4.16 (Vernon 1977).

■ It appears the indictment was originally filed in the 362nd Court, but the cause was set on the docket for disposition in the 367th Court. According to appellant, a written transfer order was necessary to transfer jurisdiction over his case from the 362nd Court to its sister court. However, the fact that no transfer order is contained in the record is a procedural matter, not a jurisdictional one. It does not render the actions of the transferee court void, but merely makes them subject to a valid and timely plea to the court's jurisdiction. *Sharkey v. State*, 994 S.W.2d 417, 419 (Tex.App.—Texarkana 1999, no pet.); *Garcia*, 901 S.W.2d at 732–33. If a defendant does not file a timely plea to the jurisdiction, he waives any right to complain that a transfer order does not appear in the record. *Sharkey*, 994 S.W.2d at 419. Here, appellant did not file a plea to the trial court's jurisdiction or in any way complain to the trial court about the lack of a

transfer order. Consequently, appellant's complaint concerning this issue, raised for the first time on appeal, is untimely. He could not wait until after revocation of his community supervision to raise this issue. We overrule appellant's issue.

CONCLUSION

We conclude that appellant's complaint on appeal is untimely and that we lack jurisdiction to consider the complaint. Thus, we dismiss the appeal for want of jurisdiction.