11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Charlie
Roy Williams

Appellant

Vs.      
            No. 11-01-00222-CR
--  Appeal from Dallas
County

State of Texas

Appellee

 

The jury
convicted appellant of the offense of unlawful possession of cocaine.  The trial court assessed his punishment at
confinement in the Institutional Division of the Texas Department of Criminal
Justice for a term of 27 years.  We
affirm.

Appellant
attacks the legal sufficiency of the evidence supporting his conviction in his
first point of error.  In reviewing the
legal sufficiency of the evidence, we review the evidence in the light most
favorable to the prosecution.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Turner v. State, 805 S.W.2d 423, 427
(Tex.Cr.App.1991).  The inquiry is
whether any rational trier of fact could have found the elements of the offense
beyond a reasonable doubt.  Turner v.
State, supra at 427.  The fact finder is
the sole judge of the credibility of the witnesses and the weight to be given
their testimony.  Adelman v. State, 828
S.W.2d 418, 421 (Tex.Cr.App.1992). The fact finder may choose to believe or
disbelieve all or any part of a witness's testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.Cr.App.1986), cert. den’d,
488 U.S. 872 (1988).








Detective
Larry Wayne Littlefield of the Dallas Police Department=s narcotic division testified that he
participated in a Adynamic
entry@ raid of a private residence suspected to be
a drug house.  Detective Littlefield was
the first officer to enter the residence after its front door was Aslammed@ open.  Immediately upon
entering the house, he observed appellant standing over a table where others
were sitting.  The distance between
Detective Littlefield and appellant was approximately 15 feet when this observation
was made.  Detective Littlefield noticed
that appellant had his hands down on the table.  Appellant then threw something down on the table and attempted to
flee the room.  Detective Littlefield
testified that the object which appellant threw on the table was  a cellophane wrapper containing a rock of
cocaine.  Upon apprehending appellant in
a hallway, Detective Littlefield retrieved the cellophane wrapper from the
table for collection as evidence.   The
State=s chemist testified that the cocaine rock
recovered by Detective Littlefield weighed .92 grams.

Custody of
appellant was ultimately transferred to Officer Jaime T. Castro outside of the
house.  Officer Castro performed a
search incident to an arrest on appellant. 
Officer Castro testified that he recovered two baggies containing
cocaine from appellant=s
person.  The State=s chemist testified that the cocaine
recovered by Officer Castro weighed .75 grams.

The
indictment alleged that appellant:

[U]nlawfully, intentionally and knowingly,
possess[ed] a controlled substance, to-wit: COCAINE, in an amount by aggregate
weight including any adulterants or dilutants, of 1 gram or more but less than
4 grams.

 

Appellant admits that the
evidence established that he possessed the .75 grams of cocaine which Officer
Castro found on his person at the time of arrest.  However, he attacks the sufficiency of the evidence supporting
the State=s contention that he possessed the additional
.92 grams of cocaine which Detective Littlefield recovered.   Appellant argues that the other persons in
the room could have placed the cocaine on the table during the melee which
ensued after the police stormed the house.

To prove
unlawful possession of a controlled substance, the State must prove: (1) that
the accused exercised control, management, and care over the substance; and (2)
that the accused knew the matter possessed was contraband.  Joseph v. State, 897 S.W.2d 374, 376 (Tex.Cr.App.1995).  Whether direct or circumstantial evidence is
used, the State must establish that the accused=s connection with the drug is more than just fortuitous.  Brown v. State 911 S.W.2d 744, 747
(Tex.Cr.App.1995).  Detective
Littlefield specifically testified that he observed appellant drop the
cellophane wrapper containing a rock of cocaine weighing .92 grams on the table
in question.  This testimony directly
addressed appellant’s exercise of control and management of the controlled
substance and was such that any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Appellant’s first point of error is
overruled.








Appellant
attacks the trial court’s jurisdiction in his second point of error.  The record reflects that appellant was
indicted by a grand jury empaneled by the 363rd Judicial District Court.  He was convicted by the 194th Judicial
District Court.  He argues that the
194th Judicial District Court lacked jurisdiction because a written order of
transfer is not contained in the record. 
The fact that a written transfer order is not contained in the record is
a procedural matter, not a jurisdictional one. 
It does not render the actions of the transferee court void but merely
makes them subject to a valid and timely plea to the court’s jurisdiction.  If he does not file a timely plea to the
jurisdiction, a defendant waives any right to complain that a transfer order
does not appear in the record.  See
Evans v. State, 61 S.W.3d 688, 690 (Tex.App. - Fort Worth 2001, no pet’n);
Sharkey v. State, 994 S.W.2d 417, 419 (Tex.App. - Texarkana 1999, no pet’n);
Garcia v. State, 901 S.W.2d 731, 732-33 (Tex.App. - Houston [14th Dist.] 1995,
pet’n ref’d).    Appellant did not file
a plea to the jurisdiction; therefore, he has waived his complaint.  Appellant’s second point of error is
overruled.

The
judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF
JUSTICE

 

June 27, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.