Troy Reese Turner v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-218-CR

JOSEPH PRENTISS MILLER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Joseph Prentiss Miller pleaded guilty to aggravated sexual assault of a child under fourteen years of age and was placed on ten years’ deferred adjudication community supervision by the judge of the 30th District Court of Wichita County, Judge Robert P. Brotherton.  Five years later, the State filed a motion to proceed with adjudication of guilt but subsequently withdrew the motion after Judge Brotherton signed an agreed amendment to the conditions of Appellant’s community supervision requiring Appellant to serve five consecutive weekends in the county jail.  The State filed another motion to proceed with adjudication of guilt less than five months later.  Judge Roy T. Sparkman, judge of the 78th District Court of Wichita County, heard the State’s motion and found the State’s allegations to be true that Appellant failed to complete community service work, pay required fees, attend counseling sessions, and report to the county jail for one period of his weekend confinement.  Judge Sparkman adjudicated Appellant’s guilt and sentenced him to thirty-five years’ confinement; Judge Sparkman also heard and denied Appellant’s motion for new trial.
(footnote: 2)  Appellant now brings this appeal.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 
386 U.S. 738, 87 S. Ct. 1396 (1967),
 by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  
Appellant was provided the opportunity to file a pro se brief and has filed one, asserting that the trial court erred by transferring his case to Judge Sparkman and that he received ineffective assistance of counsel.

O
nce an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
 
Because this case involves the trial court’s adjudication of Appellant’s deferred adjudication community supervision, our independent review for potential error is limited to jurisdictional defects, potential errors not affecting the decision to adjudicate, and post-adjudication matters unrelated to appellant’s convictions.  
See Hargesheimer v. State,
 182 S.W.3d 906, 912 (Tex. Crim. App. 2006); 
id.
 at 914 (Johnson, J., concurring); 
Bray v. State,
 179 S.W.3d 725, 727 (Tex. App.—Fort Worth 2005, no pet.). 
 The trial court’s decision to adjudicate guilt is not appealable.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon 2006); 
Hargesheimer,
 182 S.W.3d at 912.
  

Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.  There are no jurisdictional errors; the trial court had subject matter jurisdiction over this case. 
See
 Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon 2005).
  Further, the indictment was not defective; it sufficiently conferred jurisdiction on the trial court and gave Appellant sufficient notice.  
See
 
Tex. Const.
 art. V, § 12(b)
; 
Tex. Penal Code Ann.
 § 22.021(a)(1)(B)(i), (a)(2)(B) (Vernon Supp. 2006); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997)
.
  The trial court had jurisdiction to adjudicate Appellant’s guilt and sentence him.  
See
 Tex. Code Crim. Proc. Ann.
 arts. 4.05, 42.12, § (5)(b); 
see also
 
Tex. Gov’t Code Ann
.
 § 
24.132(d) (Vernon 2004
) (
providing that the 30th and 78th district courts in Wichita County have concurrent jurisdiction)
; 
Daniels v. State
, 352 S.W.2d 267, 268 
(Tex. Crim. App. 1961) (“
Where there are two or more district courts having concurrent jurisdiction and statutory authority to transfer cases from one to the other, the omission of such order of transfer in the record cannot be complained of by the appellant in the absence of a timely plea to the jurisdiction on that ground.”); 
Evans v. State
, 61 S.W.3d 688, 690 (Tex. App.—Fort Worth 2001, no pet.) (holding that the lack of a transfer order in the record is a procedural, not jurisdictional, matter). 
 Furthermore, 
the sentence assessed is within the punishment range for the adjudicated offense.  
See
 
Tex. Penal Code Ann.
 § 12.32 (Vernon 2003).
  

The record does not reveal trial counsel’s strategy for not objecting to Judge Sparkman’s presiding over the adjudication hearing and for not calling Ron Perrett, who provided sex offender counseling to Appellant, as an expert witness at the adjudication hearing.  
See Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (explaining that to overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record).  
And we note that 
even if Perrett had testified, the record does not show that the result of the hearing would necessarily have been different.  
See 
Strickland v. Washington
, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984) (holding that, in addition to counsel’s deficient performance, appellant must show that but for counsel’s deficiency, the result of the trial would have been different). 
 
The record contains controverting testimony from another of Appellant’s sex offender counselors, C. Lu Ramos, that was offered at the adjudication hearing.  
The trial court, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony.  
Cardona v. State
, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)
; 
Garrett v. State
, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); 
Allbright v. State
, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref’d).  
The trial court judge stated on the record that even with Perrett’s testimony, he would have found the State’s allegations true based on the evidence presented at the revocation hearing; and even after hearing Perrett’s testimony, the judge denied Appellant’s motion for new trial without adjusting the thirty-five-year sentence that he originally imposed.  
Therefore, we conclude that the record of this case does not raise an issue of ineffective assistance of counsel.

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, J; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 2, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The record is unclear about why Judge Sparkman presided over some proceedings in this case.  The case styles on the judgment adjudicating Appellant’s guilt, 
the trial court’s certification of defendant’s right to appeal
, and the order on Appellant’s motion for new trial all read, “In the 30th District Court of Wichita County, Texas”—the same court that imposed Appellant’s deferred adjudication community supervision.  
The certification of defendant’s right to appeal is signed by Judge Brotherton, but Judge Sparkman signed the judgment and the order denying Appellant’s motion for new trial.