COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-218-CR

 

 

JOSEPH PRENTISS MILLER                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Joseph Prentiss
Miller pleaded guilty to aggravated sexual assault of a child under fourteen
years of age and was placed on ten years= deferred adjudication community supervision by the judge of the 30th
District Court of Wichita County, Judge Robert P. Brotherton.  Five years later, the State filed a motion to
proceed with adjudication of guilt but subsequently withdrew the motion after
Judge Brotherton signed an agreed amendment to the conditions of Appellant=s community supervision requiring Appellant to serve five consecutive
weekends in the county jail.  The State
filed another motion to proceed with adjudication of guilt less than five
months later.  Judge Roy T. Sparkman,
judge of the 78th District Court of Wichita County, heard the State=s motion and found the State=s allegations to be true that Appellant failed to complete community
service work, pay required fees, attend counseling sessions, and report to the
county jail for one period of his weekend confinement.  Judge Sparkman adjudicated Appellant=s guilt and sentenced him to thirty-five years= confinement; Judge Sparkman also heard and denied Appellant=s motion for new trial.[2]  Appellant now brings this appeal.








Appellant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California,
386
U.S. 738, 87 S. Ct. 1396 (1967), by
presenting a professional evaluation of the record demonstrating why there are
no arguable grounds for relief.  Appellant was
provided the opportunity to file a pro se brief and has filed one, asserting
that the trial court erred by transferring his case to Judge Sparkman and that
he received ineffective assistance of counsel.

Once an appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders, we
are obligated to undertake an independent examination of the record to see if
there is any arguable ground that may be raised on his behalf.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991).  Because this case involves the trial court=s adjudication of Appellant=s deferred adjudication community supervision, our independent review
for potential error is limited to jurisdictional defects, potential errors not
affecting the decision to adjudicate, and post-adjudication matters unrelated
to appellant=s
convictions.  See Hargesheimer
v. State, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006); id. at 914
(Johnson, J., concurring); Bray v. State, 179 S.W.3d 725, 727 (Tex. App.CFort Worth 2005,
no pet.).  The trial court=s decision to adjudicate guilt is not appealable.  Tex. Code Crim.
Proc. Ann. art. 42.12, ' 5(b) (Vernon 2006); Hargesheimer,
182 S.W.3d at 912.  








Our independent review of the
record reveals that counsel has correctly determined that there are no arguable
grounds for relief.  There are no
jurisdictional errors; the trial court had subject matter jurisdiction over
this case. See Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon
2005).  Further,
the indictment was not defective; it sufficiently conferred jurisdiction on the
trial court and gave Appellant sufficient notice.  See Tex.
Const. art. V, ' 12(b); Tex.
Penal Code Ann. ' 22.021(a)(1)(B)(i), (a)(2)(B) (Vernon
Supp. 2006); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App.
1997).  The trial
court had jurisdiction to adjudicate Appellant=s guilt and sentence him.  See Tex. Code Crim. Proc. Ann. arts. 4.05, 42.12, ' (5)(b); see
also Tex. Gov=t Code Ann. ' 24.132(d) (Vernon 2004) (providing
that the 30th and 78th district courts in Wichita County have concurrent jurisdiction); Daniels v. State, 352 S.W.2d
267, 268 (Tex. Crim. App. 1961) (AWhere there are
two or more district courts having concurrent jurisdiction and statutory
authority to transfer cases from one to the other, the omission of such order
of transfer in the record cannot be complained of by the appellant in the
absence of a timely plea to the jurisdiction on that ground.@); Evans v. State, 61 S.W.3d 688, 690
(Tex. App.CFort Worth
2001, no pet.) (holding that the lack of a transfer order in the record is a
procedural, not jurisdictional, matter).  Furthermore, the
sentence assessed is within the punishment range for the adjudicated
offense.  See Tex. Penal Code Ann. ' 12.32 (Vernon
2003).  













The record does not reveal
trial counsel=s strategy
for not objecting to Judge Sparkman=s presiding over the adjudication hearing and for not calling Ron
Perrett, who provided sex offender counseling to Appellant, as an expert
witness at the adjudication hearing.  See
Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (explaining
that to overcome the presumption of reasonable professional assistance, any
allegation of ineffectiveness must be firmly founded in the record).  And we note that even if Perrett had
testified, the record does not show that the result of the hearing would
necessarily have been different.  See
Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984)
(holding that, in addition to counsel=s deficient performance, appellant must show that but for counsel=s deficiency, the result of the trial would have been different).  The record contains controverting
testimony from another of Appellant=s sex offender counselors, C. Lu Ramos, that was offered at the
adjudication hearing.  The trial court,
as the trier of fact, is the sole judge of the credibility of the witnesses and
the weight to be given their testimony.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Garrett v. State,
619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); Allbright v. State,
13 S.W.3d 817, 819 (Tex. App.CFort Worth 2000,
pet. ref=d).  The trial
court judge stated on the record that even with Perrett=s testimony, he would have found the State=s allegations true based on the evidence presented at the revocation
hearing; and even after hearing Perrett=s testimony, the judge denied Appellant=s motion for new trial without adjusting the thirty-five-year sentence
that he originally imposed.  Therefore,
we conclude that the record of this case does not raise an issue of ineffective
assistance of counsel.

After independently reviewing
the record, we agree with appellate counsel=s determination that any appeal from this case would be
frivolous.  Accordingly, we grant
appellate counsel=s motion to
withdraw and affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    MCCOY,
J; CAYCE, C.J.; and LIVINGSTON, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: August 2, 2007











[1]See Tex.
R. App. P. 47.4.





[2]The record is unclear about why
Judge Sparkman presided over some proceedings in this case.  The case styles on the judgment adjudicating
Appellant=s guilt, the
trial court=s
certification of defendant=s right to appeal, and the order on Appellant=s motion for new trial all read, AIn the 30th District Court of Wichita
County, Texas@Cthe same court that imposed
Appellant=s deferred adjudication community
supervision.  The certification of
defendant=s right to appeal is signed by
Judge Brotherton, but Judge Sparkman signed the judgment and the order denying
Appellant=s motion for new trial.